614 A.2d 252

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Edward BREZAN, Appellee.**

Superior Court of Pennsylvania.

Argued June 25, 1992.

Filed Aug. 14, 1992.

Reargument Denied Oct. 23, 1992.

Jacquelyn C. Paradis, Asst. Dist. Atty., Allentown, for Com., appellant.

William P. Wismer, Asst. Public Defender, Allentown, for appellee.

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

JOHNSON, Judge.

The Commonwealth appeals from an order of the Lehigh County Court of Common Pleas which granted John Brezan's Motion for a New Trial. Because the order granting a new

trial, on its face, relied exclusively on an unpublished memorandum decision of this court, we are constrained to vacate the order granting a new trial, vacate the judgment of sentence entered previously thereto, and remand for further proceedings.

On May 6, 1987, a jury convicted Brezan of four counts of involuntary deviate sexual intercourse, four counts of indecent assault, two counts of indecent exposure, one count of statutory rape and two counts of corruption of minors. On May 31, 1989, while post-trial motions remained pending, the Honorable Robert K. Young sentenced Brezan to ten to twenty years' imprisonment.

The Superior Court, by Order, quashed Brezan's appeal from the judgment of sentence as it was taken before the disposition of post-verdict motions. More than two years after the judgment of sentence was entered, the trial court entered an order which purported to grant Brezan's motion for a new trial.

That order, in its entirety, provided as follows:

## ORDER

NOW, this 5th day of June, 1991, upon consideration of the written Briefs and oral Arguments of Counsel, and consistent with the accompanying footnote,

IT IS ORDERED that Defendant's motion for a new trial is granted.[1]

BY THE COURT:

s/Robert K. Young

s/Carol K. McGinley

---

[1] After the arguments were heard on this matter, the Superior Court decided *Commonwealth v. Rivera* [412 Pa.Super. 649, 594 A.2d 784 (1991)]. This memorandum opinion of a case tried by our colleague Honorable James Knoll Gardner granted a new trial in a case involving the exact same legal issue and factual questions as the instant case against Mr. Brezan. This Court cannot find any grounds to distinguish this case from the *Rivera* case and is, therefore, bound by its dictates.

The sole issue which we will consider on this appeal is whether the trial court improperly granted a new trial on the

basis of a memorandum opinion of this court when such opinions may not be cited as precedent, and no other basis for the decision of the trial court is apparent? We agree with the Commonwealth's contention that this was improper and that it requires that the order be vacated and the matter remanded for further proceedings.

Internal Operating Procedures of the Superior Court of Pennsylvania, Rule 444 B, provides as follows:

**444. Unpublished Memoranda Decisions**

.    .    .    .    .

B. An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party and to the Court.

Superior Court of Pennsylvania, Internal Operating Procedures, implementing Pa.R.A.P. 3501–3517, effective April 1, 1988, as amended. *Compare,* Superior Court, Notice to the Bar, 598 A.2d 1324: "These memorandum opinions are not to be considered as precedent and cannot be cited for any purpose." .

Counsel for Brezan cites *Major v. Major,* 359 Pa.Super. 344, 518 A.2d 1267 (1986) and *Melendez v. Pennsylvania Assigned Claims Plan,* 384 Pa.Super. 48, 557 A.2d 767 (1989) for the proposition that citation by a trial court to unpublished memoranda does not constitute reversible error. Both of those cases can be distinguished from the situation before us on this appeal. In *Major,* this court reviewed an award of equitable distribution and considered the issue of whether Pennsylvania recognizes a military retirement pension as marital property. On review, a panel of this court had available the special

master's recommendations, the exceptions filed by the parties, the final order and opinion of the trial court. It was only after thoroughly reviewing the findings of the trial court and modifying the trial court's order pursuant to 42 Pa.C.S. § 706 that the *Major* panel even considered the propriety of the trial court's citation to an unpublished memorandum. The *Major* court found independent grounds for affirming the trial court and, by implication, determined that the citation to the unpublished memorandum had been harmless. The decision of the Superior Court panel was further modified on appeal. 518 Pa. 62, 540 A.2d 529 (1988).

In *Melendez, supra,* this court was able to conclude that the authority which was contained *within* the unpublished memorandum was applicable to the case then before the *Melendez* panel, in a matter involving the extinction of an insurance carrier's subrogation rights by the insured's execution of a release, and the resulting effect upon the insurer's obligation to pay first-party benefits. The trial court had reviewed and discussed Section 1756 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1756, and had determined the parties' rights based upon that analysis. The reference to the unpublished memorandum had been *in support of* the trial court's reasoning, and not in substitution thereof.

What we are faced with on this appeal, unlike either *Major* or *Melendez,* is an order granting a new trial after judgment of sentence, where the only support for the new trial anywhere in the certified record is the footnote accompanying the order, indicating the trial court's erroneous belief that it was *bound* by the "dictates" of the unpublished memorandum. The footnote runs counter to both this Court's Internal Operating Procedures and the Notice to the Bar, *supra.*

After the notice of appeal in this case was filed, the Lehigh County court en banc, on November 15, 1991, filed its Memorandum Opinion pursuant to Pa.R.A.P. 1925, which set forth, in its entirety:

MEMORANDUM OPINION

NOW, this 15th day of November, 1991, the Court adopts its Order of June 5, 1991 as its Opinion.

s/Robert K. Young

s/Carol K. McGinley

We are compelled, therefore, to look solely to the June 5, 1991 order in determining whether the trial court either abused its discretion or committed an error of law.

The trial court believed that its Order of June 5, 1991 set forth and included the reasons for that order, in compliance with Pa.R.A.P. 1925(a). The trial court's Memorandum Opinion of November 15, 1991 did nothing more than refer back to the previous Order. The trial court has concluded that the case of *Commonwealth v. Rivera,* 412 Pa.Super. 649, 594 A.2d 784 (1991) *pet. for allow. denied,* 530 Pa. 654, 608 A.2d 29 (1992), "involv[es] the exact same legal issues and factual questions as the instant case against Mr. Brezan." The trial court went on to assert: "This Court cannot find any grounds to distinguish this case from the *Rivera* case and is, therefore, bound by its dictates." Order, Young and McGinley, JJ., June 5, 1991, n. 1.

In *Rivera,* the unpublished memorandum decision which was cited and relied upon by the trial court, we were called upon to consider whether the expert testimony of Detective Carol Bennis concerning the typical behavior of child incest victims was an impermissible encroachment upon the jury's function of determining credibility. It was only after the *Rivera* panel had considered both the facts and the reasoning in other cases, including *Commonwealth v. Gallagher,* 519 Pa. 291, 547 A.2d 355 (1988); *Commonwealth v. Davis,* 518 Pa. 77, 541 A.2d 315 (1988); *Commonwealth v. Seese,* 512 Pa. 439, 517 A.2d 920 (1986); *Commonwealth v. Dunkle,* 385 Pa.Super. 317, 561 A.2d 5 (1989) [*since aff'd. in part, rev'd. in part,* 529 Pa. 168, 602 A.2d 830 (1992); *Commonwealth v. Gibbons,* 383 Pa.Super. 297, 556 A.2d 915 (1989); and *Commonwealth v. Emge,* 381 Pa.Super. 139, 553 A.2d 74 (1988), and applied the reasoning in those cases to the specific facts and testimony

under review in *Rivera*, that it determined that "Detective Bennis' testimony was an infringement upon the province of the jury." Memorandum slip opinion at pages 9–10.

In *Rivera*, the issues raised on appeal challenged the actual testimony admitted into evidence and the purpose for which that evidence was introduced. In the case now before us, the points preserved for review as set forth in the Motion for New Trial filed May 18, 1987 included the following:

 2. The Trial Court erred in permitting the Commonwealth to present expert testimony of the police prosecutor, Detective Carol Bennis, when said expert opinion was not disclosed pre-trial to the defendant by the District Attorney Office's [sic] in violation of the mandatory provisions of Rule 305 of the Pennsylvania Rules of Criminal Procedure.

 .    .    .    .    .

 4. The Trial Court erred in qualifying Detective Bennis as an expert in the area of child sexual abuse syndrome.

It thus can be seen that these issues, as they relate to Detective Bennis, are: (1) the Commonwealth's alleged violation of the mandatory disclosure provisions of Pa.R.Crim.P. 305 and (2) the qualification of Detective Bennis as an expert in the area of child sexual abuse syndrome. It is possible that the trial court may have considered the admissibility of Detective Bennis' testimony itself and the purpose of that testimony when the motions court heard argument on October 24, 1990, however, there is nothing in the record which permits us to reach that conclusion. The trial court does refer to "the written Briefs and oral Arguments of Counsel" in its Order of June 5, 1991, however, none of that has been included in the record.

The trial court's assertion in its footnote to the June 5, 1991 order that this case involves the exact same legal issue and factual questions as found in *Rivera* is not supported by the certified record made available to this court. Our responsibility is to determine whether the facts found by the trial court are supported by competent evidence in the record. We are unable to do that when the trial court's only reference to facts

is its assertion, without more, that the facts on this appeal are identical to facts set forth in another case involving a different certified record.

We do not attempt, on this review, to say that the *ruling* of the trial court was erroneous. We merely find that we have been prevented from performing our function as a reviewing court, where the sole reason provided to us by the trial court for its decision is the clearly erroneous assertion that a trial court is bound by an unpublished memorandum decision of this Court. Further, without the benefit of the trial court's reasoning, appellate counsels' obligation to either support or attack that reasoning is certainly frustrated.

We would expect that, on remand, the trial court will give appropriate consideration to any and all of the published opinions of our Supreme Court and this court which might bear upon the issues properly before the trial court, including but not limited to *Commonwealth v. Dunkle, supra,* 529 Pa. 168, 602 A.2d 830 (1992). Because we are limited to reviewing the orders brought before us on appeal, we take no position and we have not considered whether defense counsel may have been ineffective in failing to specifically object at trial, and specifically address in post-trial motions, the admissibility of the expert testimony of Detective Carol Bennis regarding child sexual abuse dynamics. We are confident that the trial court will address all issues properly brought before it and, if an appeal is taken from any subsequent order, provide this court with its reasons in proper form.

Order dated June 5, 1991 granting new trial is vacated. Judgment of sentence entered May 30, 1989 is vacated. This appeal is remanded to the trial court for disposition of all pending post-trial motions and further proceedings consistent with this Opinion. Jurisdiction is relinquished.