641 A.2d 1189

**Wayne H. BORING and Patricia A. Boring, Appellants**

**v.**

**ERIE INSURANCE GROUP.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 1994.

Filed May 13, 1994.

---

David J. Weaver, Johnstown, for appellants.

R. Thomas Strayer, Johnstown, for appellee.

Before ROWLEY, President Judge, and BECK and JOHNSON, JJ.

ROWLEY, President Judge.

In this timely appeal from the partial summary judgment entered in favor of appellee, Erie Insurance Group, appellants Wayne H. Boring and Patricia A. Boring raise two issues: 1) Did the trial court err in holding that the outcome of the case was controlled by this Court's unpublished memorandum decision in *Crabbe v. Old Republic Insurance Company*, No. 2762 Philadelphia 1991 (filed November 17, 1992)? (2) Did the trial court err in holding that 42 Pa.C.S. § 8371, the insurance bad faith statute, applies solely to motor vehicle insurance? After a careful review of the record and appropriate case law, we vacate the partial summary judgment and remand the case to the trial court.

█ Preliminarily, we note that appellants' complaint stated three claims: 1) a violation of 42 Pa.C.S. § 8371, the insurance bad faith statute; 2) breach of contract; and 3) fraud and deceit. The trial court granted summary judgment only on the first of these claims. In *Okkerse by Okkerse v. Prudential Property and Casualty Insurance Company*, 425 Pa.Super. 396, 399 n. 1, 625 A.2d 663, 665 n. 1 (1993), this Court held that when one count of a multi-count complaint is dismissed and the count dismissed is premised upon a statutory provision—in that case, as here, 42 Pa.C.S. § 8371—the order is final and appealable under the doctrine set forth in *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). Accordingly, the order entering partial summary judgment in the present case is final and appealable, and we turn to the merits of appellants' claims.[1]

Appellants contend that the trial court erred in granting summary judgment on their claim that appellee violated the

1. Because this proceeding was begun before July 6, 1992, and the order appealed from was entered before March 1, 1994, Pennsylvania Rule of Appellate Procedure 341, as amended, does not apply. *Zikria v. Association of Thoracic and Cardiovascular Surgeons*, 432 Pa.Super. 248, 251, 637 A.2d 1367, 1369 (1994).

insurance bad faith statute, 42 Pa.C.S. § 8371. More specifically, appellants argue that the trial court incorrectly interpreted Section 8371 to apply only to motor vehicle insurance, thus refusing to apply the provision to appellants' homeowner's insurance policy. In addition, appellants contend that the trial court, when making this determination, erred in holding that this Court's memorandum decision in *Crabbe, supra*, was controlling.

 The standard of review of an order granting summary judgment is well established. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. Rule 1035(b). In resolving a motion for summary judgment, the court must examine the entire record in the light most favorable to the non-moving party and resolve any doubt against the moving party. *Washington Federal Savings and Loan Association v. Stein,* 357 Pa.Super. 281, 288–89, 515 A.2d 980, 981 (1986). The court is not to decide issues of fact but merely to determine whether any such issues exist. *Id.*

 We turn first to appellants' claim concerning this Court's decision in *Crabbe, supra*. In its opinion the trial court stated that "although the *Crabbe* decision is a slip opinion, it still has a binding [effect] upon this Court" (Trial Court Opinion at 5). This was error. *Crabbe* is in fact an unreported memorandum decision of this Court and as such has no precedential value. As this Court has explained,

Internal Operating Procedures of the Superior Court of Pennsylvania, Rule 444 B, provides as follows:

**444. Unpublished Memoranda Decisions**

. . . . .

B. An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant

under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party and to the Court.

Superior Court of Pennsylvania, Internal Operating Procedures, implementing Pa.R.A.P. 3501–3517, effective April 1, 1988, as amended. *Compare*, Superior Court, Notice to the Bar, 598 A.2d 1324: "These memorandum opinions are not to be considered as precedent and cannot be cited for any purpose."

*Commonwealth v. Brezan*, 418 Pa.Super. 243, 249, 614 A.2d 252, 253 (1992). In *Brezan* this Court refused to affirm an order granting a new trial because the order was based solely on an unpublished memorandum decision. In the present case, therefore, this Court's decision in *Crabbe* was not binding on the trial court.

. [5] The statutory provision at issue, 42 Pa.C.S. § 8371, is entitled "Actions on insurance policies" and reads as follows:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371.[2] When construing statutory provisions, this Court must refer to the provisions of the Statutory Construction Act, 1 Pa.C.S. § 1901 *et seq. Key Savings and Loan Association v. Louis John Inc.*, 379 Pa.Super. 226, 232, 549 A.2d 988, 991 (1988), *appeal denied*, 523 Pa. 632, 564 A.2d

2. Act of 1990, Feb. 7, P.L. 11, No. 6, § 3, effective July 1, 1990.

1260 (1989). The sections of that act most relevant to the question before us are the following:

Section 1903. Words and phrases

(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S. § 1903(a).

Section 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(a, b).

■■■ We begin by observing that the words of 42 Pa.C.S. § 8371 are unambiguous: the statute states that it applies "[i]n an action arising under **an insurance policy**" (emphasis added). There is no suggestion that the statute is to be applied only to a particular type of insurance policy. The language of Section 8371 clearly refers to all insurers.

■■■ We do not agree that because Section 8371 was enacted as part of Act No. 6, entitled "Motor Vehicle Insurance, Pleadings, Operators of Commercial Vehicles, etc.," it was intended to address problems in the insurance industry only with respect to motor vehicle insurance. We are asked to infer this limitation from the title and context of the Act. Section 1924 of 1 Pa.C.S. provides, however, that the title, preamble headings, and other divisions of a statute may be considered in the construction but shall not be considered to control. Interpreting Section 1924, the Pennsylvania Supreme Court in *Commonwealth v. Magwood*, 503 Pa. 169, 176–77, 469

A.2d 115, 119 (1983), held that the title of a statute cannot control the plain words of the statute and that even in cases of ambiguity the title may be considered only to resolve the uncertainty. Accordingly, we do not interpret the title of Section 8371 so as to add a limitation not found in the plain words of the statute.

Furthermore, although many of the provisions of Act 6 do pertain to motor vehicles, other provisions within the same act are not limited to motor vehicles. One section of the act is a general provision concerning certification of pleadings, motions, and other papers, codified at 42 Pa.C.S. § 8355. Another section of the act is an amendment to the Criminal Code concerning corrupt organizations, codified at 18 Pa.C.S. § 911. It is obvious that Act 6 contains a variety of laws, many pertaining only to motor vehicles, some having general application, and others applying to various areas of the law.

We note also that the legislative history of this act proved unenlightening as to the specific application of Section 8371. While much of the discussion in the House and Senate Journals concerned motor vehicle insurance reform, many other topics were discussed as well.[3]

The legislature's placement of this provision in Title 42 of the Pennsylvania Consolidated Statutes, the Judicial Code, is a further indication that the legislature did not intend to limit the statute's application to motor vehicle insurance policies. If the legislature had wished to so limit this provision, it would have more likely placed it in Title 75, the Vehicle Code, where other provisions concerning motor vehicle insurance are codified.

Our research has not uncovered any precedential decision in which the appellate courts of this Commonwealth have addressed the issue presented in this appeal. There is, however, considerable federal case law dealing with the applicability of Section 8371. The trial court in the case before us cited to

3. See *PA House Journal,* p. 724–726, May 1, 1989; p. 2025–2027, December 6, 1989; p. 2141–2153, December 12, 1989; p. 200–228, February 7, 1990. See *PA Senate Journal,* p. 960–979, June 29, 1989; p. 1701–1710, February 7, 1990.

*Beltrami v. Fidelity & Guarantee Insurance Co.*, Civil Action No. 91–0174, 1993 WL 719629 (M.D.Pa. February 5, 1993), a federal district court decision. Other federal courts have held Section 8371 to be applicable to various kinds of insurance claims, other than motor vehicle insurance. While these federal cases are not controlling or binding on this Court, they are persuasive by their number and variety. *See, e.g., Eastern Stainless Corporation v. American Protection Insurance Co.*, 829 F.Supp. 797 (D.Md.1993) (fire insurance); *Coyne v. Allstate Insurance Co.*, 771 F.Supp. 673 (E.D.Pa.1991) (homeowner's insurance); *MacFarland v. U.S. Fidelity & Guarantee Co.*, 818 F.Supp. 108 (E.D.Pa.1993) (marine insurance); *Margolies v. State Farm Fire and Casualty Co.*, 810 F.Supp. 637 (E.D.Pa.1992) (fire and casualty insurance); *Polselli v. Nationwide Mutual Fire Insurance Co.*, No. 91–1365, 1992 WL 247271 (E.D.Pa. Sept. 23, 1992) (homeowner's insurance); *Mabel v. Equitable Life Assurance Society of the United States*, No. 92–2721, 1992 WL 151781 (E.D.Pa. June 22, 1992) (life insurance).

After analyzing 42 Pa.C.S. § 8371, its plain unambiguous language, its codification, its legislative history, and the existing body of case law, we hold that application of 42 Pa.C.S. § 8371 is not limited to motor vehicle insurance claims. Accordingly, we vacate the partial summary judgment entered in favor of appellee and remand the case to the trial court for further proceedings consistent with this Opinion.

Partial summary judgment vacated. Case remanded to the trial court for further proceedings consistent with this Opinion. Jurisdiction relinquished.