# Pennsy Supply Inc. v. Mountbatten Surety Co. Inc.

C.P. of Dauphin County, no. 2734 S 1996.

*Michael A. Finio,* for plaintiff.
*H. Robert Fiebach,* for defendant.

TURGEON, LEWIS AND HOOVER, *JJ.*

TURGEON, *J.,* July 17, 1997—On June 5, 1996, plaintiff Pennsy Supply Inc. commenced an action against defendant Mountbatten Surety Company Inc., alleging it breached its contract to make payment to plaintiff under certain payment bonds issued by defendant. Currently, plaintiff seeks to amend its complaint to add a cause of action for bad faith under section 8371 of the Judicial Code. 42 Pa.C.S. §8371.

Amendments to pleadings should be liberally allowed, although an amendment will not be allowed where it

is against a positive rule of law. *Noll by Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 280, 643 A.2d 81, 84 (1994). Defendant objects to the amendment, arguing that section 8371 does not encompass bad faith actions against sureties. That section provides:

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer." 42 Pa.C.S. §8371.

Both parties agree the Pennsylvania appellate courts have never ruled on this issue. Plaintiff cites two published opinions by the United States District Court for the Eastern District of Pennsylvania holding section 8371 does apply to sureties. *Reading Tube Corp. v. Employers Insurance of Wausau*, 944 F. Supp. 398, 403 (E.D. Pa. 1996) and *Turner Construction Co. v. First Indemnity of America Insurance Co.*, 829 F. Supp. 752, 763-64 (E.D. Pa. 1993), *aff'd*, 22 F.3d 303 (1994). Defendant correctly notes that in *Turner Construction,* the court merely assumed but did not analyze whether section 8371 applied to sureties. And in *Reading Tube,* the court, citing *Turner Construction,* stated without further analysis, that "[c]ourts have extended this statute to actions against sureties for failure to honor performance bonds." *Id.* at 403.

Defendant cites two unpublished opinions by the United States District Court for the Western District of Pennsylvania specifically holding an obligee on a

performance bond could not bring a section 8371 bad faith action against the surety.[1] *Pullman Power Products Corp. v. Fidelity and Guaranty Insurance Co.*, no. 96-636 (W.D. Pa. Feb. 21, 1997) and *Allegheny Valley Joint Sewage Authority v. The American Insurance Co.*, no. 94-2105 (W.D. Pa. Aug. 17, 1995).

In both cases, the district courts thoroughly analyzed the statutory construction of section 8371 and concluded its plain language limited its scope to actions arising under insurance policies, not to performance bonds. Both decisions relied upon a thoroughly reasoned Allegheny County opinion which reached the same conclusion. *Collier Development Co. v. Jeffco Construction Co.*, 143 P.L.J. 385 (Allegheny Co. 1995).

As set forth above, an amendment to the pleadings may be disallowed only where it is against a positive rule of law. In this case, there does not exist positive rule of law which would prohibit the proposed amend-

---

1. It is well established that unpublished memorandum decisions by the Superior Court may not be cited or relied upon by a court except in very limited circumstances. *Boring v. Erie Insurance Group*, 434 Pa. Super. 40, 43-44, 641 A.2d 1189, 1191 (1994) (citing Internal Operating Procedures of the Superior Court of Pennsylvania, Rule 444 B). However, unpublished opinions of the district courts in the Third Circuit have been cited by the Superior Court as persuasive, where no precedential decision exists. *Id.* at 46-47, 641 A.2d at 1192-93. But see, *Delaware County v. Raymond T. Opdenaker & Sons*, 652 A.2d 434, 437 n.2 (Pa. Commw. 1994), *appeal dismissed*, 543 Pa. 111, 669 A.2d 929 (1995) (the Commonwealth Court refused to consider a memorandum opinion of the federal district court). In fact, within the various federal circuit court of appeals, each circuit establishes its own rules as to whether unpublished opinions are given precedential effect, persuasive effect, or no effect at all (beyond the law of the case). Thus in this case, the unpublished opinions of the Western District will be considered.

ment. Accordingly, plaintiff is granted leave to amend its complaint to add a cause of action for bad faith.

### ORDER

And now, July 17, 1997, plaintiff's motion to amend its complaint is hereby granted. Plaintiff is granted leave to file an amended complaint within 20 days of service of this order.