**W.W. MANAGEMENT AND DEVELOPMENT COMPANY, INC.**

v.

**SCOTTSDALE INSURANCE CO.**

Civ. No. 90–7976.

United States District Court, E.D. Pennsylvania.

July 24, 1991.

Edward H. Rubenstone, Bensalem, Pa., for plaintiff.

David Strawbridge, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In this action charging breach of an insurance contract, defendant moved to dismiss plaintiff's second count, a charge based on 42 Pa.C.S.A. § 8371. Defendant claims the statute is void for vagueness. Having considered the parties' briefs, I will deny the motion to dismiss.

## I. BACKGROUND

42 Pa.C.S.A. § 8371 provides:

In an action arising under an insurance contract, if the court finds that the insurer has acted in bad faith towards the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorneys fees against the insurer.

Defendant objects to Pennsylvania's statute on two due process grounds. First, he claims the bad faith standard is unconstitutionally vague. Second, he asserts the punitive damages provision allows jurors to create devastating awards without sufficient guidance.

## II. DISCUSSION

A. The Bad Faith Provision.

■ To show a statute is void for vagueness, a party must demonstrate the law is impermissibly vague in all of its applications. *See Village of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489,

102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). In making this analysis, it is necessary to insure the contested statute provides both fair notice to those regulated and adequate enforcement standards to guide the regulators. *See Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

■ The acceptable level of vagueness, however, varies with the subject of regulation and type of penalty. Statutes regulating constitutionally protected activity receive the most exacting scrutiny. Economic regulations, however, are typically subject to a less restrictive vagueness test because their reach is relatively narrow and businesses can be expected to consult relevant legislation before acting. The Supreme Court has also applied a less rigorous vagueness test to statutes with civil penalties because "the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates v. Flipside, Hoffman Estates*, 102 S.Ct. at 1193.

■ Another important factor in the vagueness inquiry is the nature and history of the contested term. As the Supreme Court wrote in *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926):

> [I]t will be enough for present purposes to say generally that the decisions of the court, upholding statutes as sufficiently certain, rested upon the conclusion that they employ words or phrases having a technical or other special meaning, well enough known to enable those within reach to correctly apply them, or a well-settled common-law meaning, notwithstanding an element of degree in the definition as to which estimates might differ. *Id.* 46 S.Ct. at 127–8 (internal citations omitted).

In *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), the Supreme Court upheld a Tennessee statute which proscribed "crimes against nature." The Court explained the term was "no more vague than many other terms used to describe criminal offenses at common law and now codified in state and federal penal codes." *Id.* 96 S.Ct. at 244. The opinion

noted the term "crimes against nature" has been used in the English language for centuries, and that many jurisdictions still use it. The Court concluded: "Anyone who cared to do so could certainly determine what particular acts have been considered crimes against nature, and there can be no contention that the respondent's acts were ones never committed as such." *Id.*

■ Given the *Rose* holding, section 8371 can not be deficiently vague. Tennessee's statute was not only criminal, but intruded (at least on some level) on a constitutionally protected area. By contrast, section 8371 is a business regulation with civil penalties. Because of both factors, the vagueness inquiry must be less stringent.

More important, though, is the origin and history of both terms. "Crimes against nature," as the *Rose* Court discussed, was a common law term that modern courts and legislatures have adopted. The term "good faith" shares this background.

Pennsylvania courts have vast experience in numerous areas with the term "good faith." As plaintiff's brief illustrates, the Pennsylvania courts have addressed the term in a variety of contexts including negotiable instruments and insurance law, and the state legislature has passed a number of statutes that use the term.

Based on these similarities between the terms "good faith" and "crimes against nature," and the relatively lenient vagueness inquiry that applies to section 8371, I hold the Pennsylvania statute is not void for vagueness.

B. The Punitive Damages Provision.

■ Defendant also challenges section 8371's punitive damages provision. Defendant claims the passage grants juries unbridled discretion to fashion awards unrelated to the injury and so large as to be unreasonable.

The Supreme Court recently addressed this issue in *Pacific Mutual Life Insurance Company v. Cleopatra Haslip*, —— U.S. ——, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991), and upheld a punitive damages pro-

vision in an Alabama insurance law. The Court commented generally that punitive damages existed at common law and therefore could not be considered *per se* unconstitutional.

More specifically, though, the Court noted Alabama's statute had multiple layers of protection against unbridled punitive awards. First, the Court mentioned the jury instructions that accompanied a punitive damages claim. In Alabama, judges tell the jury punitive damages exist to deter future illicit behavior and punish past practices. Second, the Court noted Alabama judges could review punitive awards after the trial to ensure fairness. Finally, the Court identified the Alabama supreme court's review of punitive awards as yet another safeguard.

For all of these reasons, the Court decided the Alabama statute met the constitutional requirements for due process.

For the same reasons, I hold section 8371 is also constitutionally valid. Clearly, the *Pacific Mutual* general holding that punitive damages are not *per se* unconstitutional applies here too. More specifically, though, Pennsylvania law affords essentially the same protection as Alabama's.

Pennsylvania bases its punitive damages on the same principles as Alabama: punishment and deterrence. *See Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 555 A.2d 800 (1989). In addition, Pennsylvania has adopted section 908(2) of the Second Restatement of Torts which explains relevant considerations for establishing punitive damages.

The Restatement provides:

Punitive damages may only be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Further, like Alabama, Pennsylvania provides for review of punitive awards at both the trial and appellate level. *See Sulecki*

*v. Southeast National Bank*, 358 Pa.Super. 132, 516 A.2d 1217 (1986) (explaining and executing this review).

Clearly, Pennsylvania law makes considerable effort to ensure that punitive damage awards are reasonable. The Pennsylvania system kicks in before the jury considers the matter and provides supervision throughout any appeal process. In light of these safeguards and their similarity to the ones the Supreme Court explicitly approved in *Pacific Mutual*, I hold section 8371's punitive damages provision satisfies due process.

### III. CONCLUSION

For these reasons, I find section 8371 is not void for vagueness and satisfies the plaintiff's fourteenth amendment rights. As a result, I will not dismiss plaintiff's second count.