646 A.2d 1254

**Lorraine R. MARCH, Appellant,**

v.

**PARADISE MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 27, 1994.

Filed July 11, 1994.

Reargument Denied Sept. 8, 1994.

598

Joseph A. Zinstein, Philadelphia, for appellant.

Gordon Erdenberger, Doylestown, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the October 26, 1993 order granting appellee's, Paradise Mutual Insurance Company, motion for summary judgment. Appellant, Lorraine R. March, presents the following questions for our review:

I. Whether a genuine issue of material fact exists as to whether [appellee] acted in bad faith toward [appellant], which under Pennsylvania law would preclude [appellee]

from asserting the insurance policy's one-year suit limitation provision.

II. Whether [appellant's] cause of action under 42 Pa. C.S.A. § 8371 for [appellee's] bad faith conduct in adjusting [appellant's] property damage claim is subject to the insurance policy's one-year suit limitation provision.

Appellant's Brief at 3. For the reasons set forth below, we affirm in part and reverse in part.

The relevant facts, as set forth by the trial court, are as follows:

[Appellant] sued her insurance company [hereinafter "appellee"] for claims under her policy for water damage alleged to have occurred on May 12, 1991 and wind damage alleged to have occurred on May 28, 1991. The suit was instituted on November 12, 1992, more than one year after the last alleged occurrence.[1] The policy provided on page 8, paragraph 8 thereof, "Suit Against Us. No action will be brought unless . . . the action is started within one year after the occurrence causing loss or damage."

[Appellee] pled Statute of Limitations in its New Matter. Thereafter, a motion for summary judgment was filed by [appellee] and such summary judgment was granted on October 26, 1993.[2] This appeal followed.

Trial Court Opinion, January 3, 1994, at 1.

■ Appellant first contends that as appellee engaged in bad faith in investigating appellant's insurance claims, appellee is estopped from relying upon the one-year statute of limitations clause in the insurance policy in its request for summary judgment regarding appellant's claim for coverage under the insurance policy. *See Diamon v. Penn Mut. Fire Ins. Co.*, 247

1. We point out that in appellant's November 12, 1992 complaint, appellant requests relief on two causes of action. Specifically, on count I, appellant requests relief under her insurance policy with appellee. On count II, appellant requests punitive damages pursuant to 42 Pa.C.S. § 8371 for appellee's alleged bad faith in investigating appellant's coverage claims.

2. Summary judgment was entered in favor of appellee on both the contract claim and the bad faith claim.

Pa.Super. 534, 553–54, 372 A.2d 1218, 1227–28 (1977) (where an insurer fails to investigate an insured's claim with reasonable care and in good faith, the insurer will be estopped from relying upon the statute of limitations clause in the insurance contract to dismiss the insured's claim). We disagree.

■ It is well-settled that the defense of estoppel is an affirmative defense which must be pleaded as a new matter. *See* Pa.R.C.P. 1030.[3] As appellant has not raised her defense of estoppel by way of new matter, it is waived and cannot now be asserted as grounds for reversal. *See, e.g., Iorfida v. Mary Robert Realty Co., Inc.*, 372 Pa.Super. 170, 176, 539 A.2d 383, 386 (1988) (any affirmative defense which is not raised as a new matter will be considered waived pursuant to Pa.R.C.P. 1032), *appeal denied*, 520 Pa. 576, 549 A.2d 136 (1988); Pa. R.C.P. 1032. Accordingly, as appellant's filing of her claim for coverage did not comply with the one-year statute of limitations clause in the insurance policy, it was properly dismissed.

■ Appellant next contends that as her claim under 42 Pa.C.S. § 8371 is not subject to the insurance policy's one-year suit limitation, the trial court erred in granting summary judgment in favor of appellee on that claim. We agree.

On February 7, 1990, the Pennsylvania Legislature promulgated 42 Pa.C.S.A. § 8371 creating a new cause of action in Pennsylvania insurance law for "bad faith." Specifically, section 8371 provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

3. Rule 1030 provides as follows:
   All affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, assumption of the risk, consent, contributory negligence, discharge in bankruptcy, duress, *estoppel*, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.
   *Id.* (emphasis added).

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371.

Appellee claims that as section 8371 provides relief only in actions "arising under" an insurance policy, where an insured's claim for insurance coverage fails, the insured's claim under section 8371 must also fail. We disagree. While section 8371 provides relief only in actions "arising under" an insurance policy, the statute does not indicate that success on the bad faith claim is reliant upon the success of the contract claim. As 42 Pa.C.S. § 8371 was promulgated to provide additional relief to insureds and to discourage bad faith practices of insurance companies, we would be reluctant to impose any limitations of claims brought under section 8371 which do not appear in the plain language of the statute. *See Twp. of Moon v. Police Officers of Twp. of Moon,* 508 Pa. 495, 504, 498 A.2d 1305, 1309 (1985) ("When we are seeking to construe the legislative intent we are instructed to look to the occasion and necessity for the enactment, the circumstances under which it was enacted, the mischief to be remedied and the object to be obtained.").

Moreover, this court has held that a claim brought under section 8371 is a cause of action which is separate and distinct from the underlying contract claim. *See Boring v. Erie Ins. Group,* 434 Pa.Super. 40, 641 A.2d 1189 (1994) (where this court held that although appellant's insurance coverage claim had not yet been decided, as appellant's bad faith claim was premised upon a statutory provision, 42 Pa.C.S. § 8371, it constituted a clear and distinct cause of action and, therefore, the dismissal of appellant's section 8371 claim was instantly appealable).[4] *See also Okkerse v. Prudential,* 425 Pa.Super.

4. We note that as the underlying complaint in *Boring* was filed before July 16, 1992, and the order appealed from was entered before March

396, 625 A.2d 663 (1993). As this court has found that claims under section 8371 are separate and distinct causes of action and as the language of section 8371 does not indicate that success on the contract claim is a prerequisite to success on the bad faith claim, we find that an insured's claim for bad faith brought pursuant to section 8371 is independent of the resolution of the underlying contract claim.[5]

In the instant action, appellee's motion for summary judgment regarding appellant's claim of bad faith was granted for failure to comply with the one-year limitations clause in the insurance policy. However, as appellant's bad faith claim brought under 42 Pa.C.S. § 8371 is independent of her contract claim, the bad faith claim is not affected by the one-year limitations period in the insurance contract. Hence, the trial court erred in granting appellee's motion for summary judgment regarding appellant's claim of bad faith.

Accordingly, we affirm that part of the trial court's order granting summary judgment on appellant's contract claim. However, that part of the trial court's order granting summary judgment on appellant's claim of bad faith is reversed. This case is remanded for further proceedings on appellant's claim of bad faith.

Affirmed in part; reversed and remanded in part; jurisdiction relinquished.

1, 1994, Pennsylvania Rule of Appellate Procedure 341, as amended, did not apply for the purposes of determining the appealability of the section 8371 claim.

5. We also point out that the Federal Courts have consistently held that section 8371 does create a separate and independent cause of action. *See Margolies v. State Farm Fire and Cas. Co.*, 810 F.Supp. 637, 642 (E.D.Pa.1992) ("[E]ven if plaintiffs' breach of contract claim were barred by the policy's limitation provision, the § 8371 bad faith claim would survive since it is independent of the underlying claim."). *See also Kauffman v. Aetna Cas. and Sur. Co.*, 794 F.Supp. 137, 140 (E.D.Pa.1992), *reconsideration denied*, 91–4450 (E.D.Pa. Sep. 18, 1992); *Lombardo v. State Farm Mut. Auto Ins. Co.*, 800 F.Supp. 208, 214 (E.D.Pa.1992).