**DOYLESTOWN ELECTRICAL SUPPLY CO.**

v.

**MARYLAND CASUALTY INSURANCE CO.**

**Civil Action No. 96–632.**

United States District Court,
E.D. Pennsylvania.

April 17, 1996.

Margaret M. Allen, Alan C. Milstein, Sherman, Silverstein, Kohl, Rose & Podolsky, Bala Cynwyd, PA, for Plaintiff.

Howard P. Dwoskin, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Defendant.

### MEMORANDUM

PADOVA, Judge.

## I. BACKGROUND

Plaintiff's Complaint asserts two violations of Pennsylvania law arising out of Defendant's alleged failure to honor the terms of an insurance agreement. Count I alleges that Defendant breached the terms of the insurance contract by failing to compensate Plaintiff fully for property losses covered under the policy. Count II alleges that Defendant's actions constitute bad faith in violation of 42 Pa.Cons.Stat.Ann. § 8371 (West Supp. 1995). Currently before the Court is Defendant's Motion to Dismiss Count II of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, Defendant's Motion will be denied.

## II. STANDARD OF REVIEW

A claim may be dismissed under Fed. R.Civ.P. 12(b)(6) only if the plaintiff can prove no set of facts in support of the claim that would entitle it to relief. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir.1994). The reviewing court must consider only those facts alleged in the Complaint and accept all of the allegations as true. *Id.*

## III. DISCUSSION

Count II of the Complaint seeks punitive damages and other costs under § 8371, alleg-

ing that Defendant denied Plaintiff's claim under the policy in bad faith. Section 8371 reads as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.Cons.Stat.Ann. § 8371. Defendant raises two arguments in support of its motion to dismiss. First, Defendant argues that the § 8371 action is not ripe for disposition; second, Defendant challenges the constitutionality of the statute on the ground of vagueness. I will address each of these arguments *seriatim*.

### A. Ripeness

The ripeness doctrine serves the same general purposes as other branches of justiciability theory. "The central perception is that courts should not render decisions absent a genuine need to resolve a real dispute." 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3532.1 (1984 & Supp. 1995). The question in each case is whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant judgment. *Lake Carrier's Assoc. v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972).

Defendant suggests that because the underlying breach of contract litigation remains open, and may eventually be resolved in Defendant's favor, Plaintiff's bad faith claim is premature and cannot be maintained at this time. The gravamen of Defendant's argument is that until Plaintiff proves breach of contract, there can be no bad faith claim under § 8371. I disagree. A claim for bad faith brought pursuant to § 8371 is a

separate and distinct cause of action and is not contingent on the resolution of the underlying contract claim. *March v. Paradise Mut. Ins. Co.*, 435 Pa.Super. 597, 646 A.2d 1254, 1256 (1994), *appeal denied*, 540 Pa. 613, 656 A.2d 118 (1995); *Winterberg v. CNA Ins. Co.*, 868 F.Supp. 713, 722 (E.D.Pa.1994), *aff'd*, 72 F.3d 318 (3d Cir.1995). A plaintiff may succeed on its bad faith claim even if it fails on the underlying breach of contract claim. *See March*, 646 A.2d at 1256–57 (holding plaintiff could maintain a § 8371 claim even though statute of limitations required dismissal of the underlying breach of contract claim).

Additionally, courts interpreting § 8371 have consistently entertained multi-count complaints containing both unresolved insurance contract disputes and bad faith claims. *See, e.g., Colantuno v. Aetna Ins. Co.*, 980 F.2d 908, 910 (3d Cir.1992) (noting plaintiff's complaint sought recovery under the insurance policy as well as for bad faith under § 8371); *March*, 646 A.2d 1254, 1255 n. 1 (noting that the plaintiff's two count complaint sought relief under the insurance policy as well as punitive damages under § 8371); *Boring v. Erie Ins. Group*, 434 Pa.Super. 40, 641 A.2d 1189, 1190 (1994) (noting plaintiffs' multi-count complaint included claims for breach of contract and bad faith under § 8371).

■ Defendant relies on *Thorson v. State Farm Mutual Auto. Ins. Co.*, Civ.A. No. 91–5305, 1992 WL 6928 (E.D.Pa. Jan. 10, 1992) to support its contention that Plaintiff's § 8371 claim is premature. In *Thorson*, the plaintiffs were injured in an automobile accident. Believing that the other driver was at fault, and that their damages exceeded the other driver's liability coverage, the plaintiffs sought to recover from their own insurer under their under-insured motorist coverage. When the plaintiffs' insurer refused to pay, the plaintiffs brought suit alleging bad faith under § 8371. The district court dismissed the § 8371 claim as premature. The court reasoned that neither the liability of the other driver nor the plaintiffs' damages had been determined. Accordingly, the plaintiffs could not resort to their own under-insured motorist policy until these issues were re-

solved. The court held that "until plaintiffs' claims for under-insured motorists benefits have ripened, they are not in a position to charge defendant with bad faith, or to show damages." *Id.* at *1.

The instant case is clearly distinguishable from *Thorson*. Defendant does not argue that Plaintiff's underlying claim against the insurance policy is itself unripe. Rather, accepting all of Plaintiff's allegations as true, Plaintiff has a valid claim against the policy which Defendant refused to honor. Plaintiff's Complaint alleges an immediate dispute as to whether Defendant acted in bad faith. As such, the issue is ripe for judicial determination.

■ Defendant also argues that allowing Plaintiff to bring a § 8371 claim prior to the resolution of the contract dispute is an inefficient utilization of judicial resources and unnecessarily burdensome to the parties. Again, I disagree. There is likely to be significant overlap in the evidence necessary to prove Plaintiff's two claims. Were these claims to be tried separately, much of the discovery, trial preparation, and presentation of evidence would be duplicative. It clearly serves the purpose of judicial economy, and is less burdensome to the parties, to allow Plaintiff to bring all of its claims at once rather than to try the issues piecemeal.

I conclude that Plaintiff's bad faith claim under § 8371 is not premature in light of the unresolved contract dispute, nor do policy consideration militate in favor of addressing these claims in separate trials.

## B. Vagueness

Defendant also argues that § 8371 is unconstitutionally vague because it fails to define "bad faith" or provide standards governing the imposition of punitive damages. At least three decisions of this court have addressed precisely these same arguments and have held that § 8371 is not unconstitutionally vague. *See Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co.*, 882 F.Supp. 1468, 1471–72 (E.D.Pa.1994); *Coyne v. Allstate Ins. Co.*, 771 F.Supp. 673, 676–81 (E.D.Pa.1991); *W.W. Mgt. & Dev. Co. v. Scottsdale Ins. Co.*, 769 F.Supp. 178, 180–81

(E.D.Pa.1991). Defendant raises no new arguments, but merely asks this court to revisit these issues.

The principles relating to constitutional vagueness are well established.

[A] law fails to meet the requirements of the Due Process clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case.

*Giaccio v. Pennsylvania,* 382 U.S. 399, 402–03, 86 S.Ct. 518, 520–21, 15 L.Ed.2d 447 (1966). The complainant bears the burden of proving that the enactment is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971).

■ Enactments of the Pennsylvania legislature enjoy a strong presumption of constitutionality, and legislation will not be invalidated unless it clearly, palpably, and plainly violates the Constitution; any doubts must be resolved in favor of finding constitutionality. *Consumer Party of Pennsylvania, v. Commonwealth of Pennsylvania,* 510 Pa. 158, 507 A.2d 323, 331–32 (1986). The Pennsylvania rules of statutory construction provide that words and phrases that "have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning." 1 Pa. Cons.Stat.Ann. § 1903(a) (1995).

■ The United States Court of Appeals for the Third Circuit has recognized, within the context of Pennsylvania insurance litigation, that "bad faith" has acquired a peculiar and universally acknowledged meaning:

*Insurance.* "Bad faith" on the part of insurer is any frivolous or unfounded refusal to pay proceeds of policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d 747 (3d Cir.1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). *Accord, Younis Bros. & Co., Inc.,* 882 F.Supp. at 1472; *Coyne,* 771 F.Supp. at 677–78. "Bad faith" is sufficiently well defined to meet the requirements of due process.

Similarly, both the *Younis Bros. & Co., Inc.* and *Coyne* courts held that Pennsylvania law—which follows Restatement (Second) of Torts § 908(2)—guides and limits punitive damages awards and is consistent with the requirements of due process. *Younis Bros. & Co., Inc.,* 882 F.Supp. at 1472; *Coyne,* 771 F.Supp. at 679. Both of these courts found, and I agree, that while § 8371 confers significant discretion on the trial court, that discretion is not unlimited. "As long [as the court's discretion to impose punitive damages] is exercised within the reasonable constraints required by Pennsylvania law, due process is satisfied." *Younis Bros. & Co., Inc.,* 882 F.Supp. at 1472 (quoting *Coyne,* 771 F.Supp. at 680).

I am in accord with the decisions of my colleagues who have universally held that Pennsylvania jurisprudence provides sufficient guidance and structure to the "bad faith" and "punitive damages" provisions of § 8371 to comport with the requirements of due process. I therefore find that the statute is not unconstitutionally vague.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of April, 1996, upon consideration of Defendant's Motion to Dismiss (Doc. No. 3) and the submissions in support thereof, and Plaintiff's Response in Opposition thereto (Doc. No. 5), IT IS HEREBY ORDERED THAT:

1. Defendant's Motion is DENIED.