## Pidro v. State Farm Insurance Company

C.P. of Lawrence County, no. 11148 of 2004.

*Joseph A. George,* for plaintiffs.
*Daniel L. Rivetti,* for defendants.

COX, *J.,* December 22, 2006—Before this court for disposition is the motion for summary judgment filed by the defendants. Oral argument was held on the matter on November 27, 2006. After consideration of the applicable record, the court makes the following findings of fact:

On May 13, 2003, Plaintiff Samuel Pidro noticed the brick foundation on the right side of his home had begun

to deteriorate. Upon this discovery, he notified defendant, State Farm Insurance Company, of the condition. On June 16, 2003, defendant Shawni L. Brobeck, the assigned claims adjuster, visited plaintiffs' home and inspected the exterior wall in which the damage was reported. However, it is stipulated that Ms. Brobeck never entered the home to examine the interior wall. Subsequently, in light of the exclusions to coverage contained in plaintiffs' homeowner's insurance policy, Ms. Brobeck concluded that such damage was not covered for the following reasons: (1) it was a condition that occurred over time, and (2) the damage resulted from "wear and tear" and constituted "settling, cracking, shrinking, bulging, or expansion" of a wall, which is specifically excluded from coverage.

On June 18, 2003, Ms. Brobeck telephoned plaintiffs and explained why the claim was not covered. Then, on June 25, 2003, defendant State Farm sent plaintiffs a letter that expressed its decision to refuse the claim, highlighting particular sections of the policy upon which defendants relied. Additionally, defendant State Farm's letter clearly informed plaintiffs of the one-year limitations provision within the policy, which limits the length of time a person may bring suit against the insurer. Once that period runs, it is equivalent to the running of a statute of limitations, and bars the insured's ability to bring suit. Although plaintiffs were informed orally and in writing of defendants' decision to deny the claim, and after being notified of the one-year limitation, plaintiffs did not file suit until September 3, 2004. Ultimately, plaintiffs brought claims against defendant State Farm for breach of contract, bad faith, and violations of Unfair Trade Practices, as well as claims against defendant

Shawni L. Brobeck for violations of the Unfair Trade Practices and Consumer Protection Laws.[1]

Defendants now claim plaintiffs' suit must be dismissed for the following reasons: (1) plaintiffs' claims are barred by the insurance policy's one-year statute of limitations; (2) plaintiffs' claims are not covered by the policy; and (3) plaintiffs cannot recover for bad faith or unfair trade practices as a matter of law. Upon review of the controlling case law, defendants' motions are granted.

Summary judgment is a procedural tool utilized to dispose of the need for a trial in a case, or in some instances, issues in a case, where a party lacks evidence to establish or contest a material issue. *Ertel v. Patriot-News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied* (1996), *certiorari denied*, 519 U.S. 1008 (1996). Summary judgment is properly granted only when the record clearly demonstrates that no issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Kvaerner Metals Division of Kvaerner U.S. Inc. v. Commercial Union Insurance Company*, 589 Pa. 317, 329, 908 A.2d 888, 895 (2006), citing *Mountain Village v. Board of Supervisors*, 582 Pa. 605, 874 A.2d 1, 5 (2005). A material fact is defined as one that directly affects the outcome of the case. See *Gerrow v. Shincor Silicones Inc.*, 756 A.2d 697 (Pa. Super. 2000); see also, *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662 (Pa. Super. 2000).

---

1. In response to preliminary objections filed by defendants, this court issued an order dated February 4, 2005, in which the Honorable Michael J. Wherry S.J. dismissed two counts of negligence while allowing these remaining claims to survive.

"The reviewing court must view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. . . . Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment." *Kvaerner supra* at 329, 908 A.2d at 895-96. However, the non-moving party has a duty to respond to a motion for summary judgment, and must demonstrate that a genuine issue of material fact remains for trial. *DeSantis v. Frick Company*, 745 A.2d 624 (Pa. Super. 1999). A non-moving party's failure to present evidence on issues essential to his or her case establishes that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See *Ertel v. Patriot-News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied* (1996), *certiorari denied*, 519 U.S. 1008 (1996).

## I. STATUTE OF LIMITATIONS

Defendants contend that summary judgment is appropriate because plaintiffs' claims are time-barred by the policy's one-year limitations provision. In contrast, plaintiffs argue that such provision does not bar their claim because (1) they engaged in discussions with defendants in a timely manner as evidenced by the initial correspondence letter dated June 25, 2003; (2) their failure to file a formal complaint within the one-year period is justified because it was reasonable for them to believe a decision was pending between the date of the initial correspondence and the date in which they finally filed their complaint; and (3) failure to file within the one-year period did not cause prejudice to defendants.

To determine whether summary judgment is proper, this court must first determine whether it is appropriate to enforce the policy's one-year limitations provision. The legislature in the Commonwealth of Pennsylvania has determined that parties may contractually set a limitations period that is shorter than that provided by statute, assuming such period is not manifestly unreasonable. See 42 Pa.C.S. §5501.[2] The courts of Pennsylvania have also determined that contractual limitations provisions are enforceable, so long as they provide a reasonable length of time. See *Commonwealth v. Transamerica Insurance Company,* 462 Pa. 268, 274, 341 A.2d 74, 77 (1975) (internal citations omitted) ("Specifically with reference to contractual limitations on the time to commence suit under the terms of a contract of insurance, the courts of this jurisdiction have upheld the validity and enforceability of these provisions where the specified time within which suit was to be brought was not unreasonable."); see also, *Ferguson v. Manufacturer's Casualty Insurance Company of Philadelphia,* 129 Pa. Super. 276, 195 A. 661 (1937) (Court held that policy's 90-day limitations period was valid and enforceable.); *Graham v. Harleysville Insurance Company,* 429 Pa. Super. 444, 632 A.2d 939 (1993), *appeal denied,* 539 Pa. 651, 651 A.2d 539 (1994) (Court upheld one-year limitations period as valid and enforceable.). Correspondingly, this policy's one-year provision does not appear unreasonably short. To support this finding, President Judge Dominick

---

2. Section 5501 states, "An action, proceeding, or appeal must be commenced within the time specified in or pursuant to this chapter unless, in the case of a civil action or proceeding . . . *a shorter time which is not manifestly unreasonable is prescribed by written agreement.*" (emphasis added)

Motto of this court has held, "[o]ne-year limitation periods for commencing suits imposed by insurance policies are recognized and honored by the Pennsylvania courts." *Ash v. Continental Insurance Co.*, 64 D.&C.4th 37, 40 (2003). Thus, in light of 42 Pa.C.S. §5501 and established precedent, this court concludes that the one-year limitations provision is valid and enforceable. Therefore, it is now necessary to determine whether any objections plaintiffs raise defeat the enforceability of the clause.

Generally, exceptions to a valid and enforceable limitations provision exist "if the insurer can be shown to have waived the provision or acted in a manner that misled the insured, thereby causing the insured to not bring the action in a timely manner." *American Continental Properties v. Michael Lynn and Assoc. P.C.*, 2003 Phila. Ct. Com. Pl. Lexis 8 (Phila. Cty. 2003) citing *O'Connor v. Allemania Fire Ins. Co. of Pittsburgh*, 128 Pa. Super. 336, 194 A. 217 (1937). Plaintiffs contend that it was reasonable for them to believe a decision was pending between the date of the initial correspondence and the date in which they finally filed their complaint and, therefore, should not be bound by the one-year provision. However, no facts suggest defendants misled the insured into forming this belief. Quite opposite, the facts demonstrate defendants reiterated to plaintiffs in the letter dated June 25, 2003, that they were denying the claim and if plaintiffs wished to file suit, it must be done within one year. Therefore, this court finds that plaintiffs were not misled. Additionally, no facts indicate defendants waived the enforcement of the provision. Conversely, the letter sent by defendants re-emphasized the provision and manifests defendants' intent to fully enforce it.

This court also finds that the engagement in discussions concerning the claim does not toll the limitations period. It is well-settled that communications and settlement agreements do not provide an adequate substitution for actual service of process. See *Ferrara v. Hoover,* 431 Pa. Super. 407, 636 A.2d 1151 (1994); see also, *Buhl v. Allstate Insurance Co.,* 46 D.&C.4th 219 (Chester Cty. 2000). Accordingly, this court opines that communication and settlement agreements do not provide adequate substitution for the actual filing of a lawsuit. In light of the above-mentioned precedent, this court finds that plaintiffs' mere engagement in communication with defendants is irrelevant and will not prevent the limitations provision from taking effect.

Finally, plaintiffs contest that they are entitled to bring a breach of contract action because the delay did not cause prejudice to the defendants. However, it is clearly established that "[p]rejudice to the insurer is not a factor to consider in determining whether to apply the policy limitations clause." *Roycroft v. Nationwide Mutual Fire Insurance Co.,* 20 D.&C.4th 224, 227 (York Cty. 1993), citing *Schreiber v. Pennsylvania Lumberman's Mutual Insurance Company,* 498 Pa. 21, 23, 444 A.2d 647, 649 (1982) (distinguishing *Brakeman v. Potomac Insurance Company,* 472 Pa. 66, 371 A.2d 193 (1977)); see also, *American Continental Properties v. Michael Lynn and Assoc. P.C.,* 2003 Phila. Ct. Com. Pl. Lexis 8, 16 (Phila. Cty. 2003) (holding "[i]f the contractual limitations period is otherwise valid, an insurer does not need to show prejudice in order to assert the limitations clause in defense of a suit"). Therefore, defendants' failure to demonstrate it was prejudiced by the delay is irrelevant.

In conclusion, this court finds that the limitations provision bars plaintiffs from asserting a breach of contract claim.

## II. CLAIMS EXCLUDED FROM COVERAGE UNDER THE POLICY

Defendant next contends that summary judgment on the breach of contract claim is appropriate because plaintiffs' claims are not covered by the policy. The court need not address this issue as any claim that arises under the contract is barred by the policy's limitations clause.

## III. BAD FAITH AND UNFAIR TRADE PRACTICES

Finally, defendants contend that plaintiffs cannot recover for bad faith or unfair trade practices as a matter of law. The court finds that plaintiffs have no grounds to proceed with these claims against defendants and, therefore, defendants' motion for summary judgment is granted.

### (a) *Bad Faith*

The Superior Court has clearly established that a claim brought under 42 Pa.C.S. §8371 is separate and distinct from an underlying breach of contract claim. See *March v. Paradise Mutual Insurance Company,* 435 Pa. Super. 597, 646 A.2d 1254 (1994), citing *Boring v. Erie Insurance Group,* 434 Pa. Super. 40, 641 A.2d 1189 (1994) (holding that appellant's bad faith claim premised upon 42 Pa.C.S. §8371 constituted a clear and distinct action from appellant's insurance coverage claim). As such, the one-year limitations provision in the policy is not applicable to this claim. See *March, supra.* Therefore, it is

necessary for this court to analyze plaintiffs' bad faith claim even though the underlying breach of contract claim is defective.

To establish a bad faith claim under Pennsylvania law, the Superior Court has consistently required that the insured demonstrate by *clear and convincing* evidence "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Brickman Group Ltd. v. CGU Insurance Company,* 865 A.2d 918, 930 (Pa. Super. 2004), quoting *Booze v. Allstate Insurance Company,* 750 A.2d 877, 880 (Pa. Super. 2000). Additionally, when determining whether an insurer has acted in bad faith, courts may also consider provisions of Pennsylvania's Unfair Insurance Practices Act, 40 Pa.C.S. §§1171.1-1171.15 (UIPA). See *Parasco v. Pacific Indemnity Co.,* 920 F. Supp. 647, 655 (E.D. Pa. 1996).

Plaintiffs argue that a genuine issue of material fact remains as to whether defendants had a reasonable basis for denying benefits under the homeowners' insurance policy and whether defendants knew or recklessly disregarded its lack of reasonable basis in denying the claim. Plaintiffs identify the fact that Ms. Brobeck testified that she did not enter the home to inspect the interior wall in which the damage was present, even after they requested her to do so. Furthermore, plaintiffs identify a report prepared by Gale E. Measel Jr. in which he opined that, based on his personal construction experience of 33 years, appropriate assessment required visual inspection of the damaged wall after removal of the interior wood paneling, plaster, and exterior brick veneer. Plaintiffs contend that Ms. Brobeck's failure to inspect appropri-

ately support the contention that denial of the claim was done in bad faith.

Defendants, on the other hand, assert that summary judgment is appropriate because plaintiffs are unable to show by clear and convincing evidence the elements necessary to establish a bad faith claim. More specifically, defendants argue that the evidence demonstrates viable reasons existed for denial of the claim.

Under Pennsylvania law, an insurer must investigate a loss fairly and objectively, and only reject a claim if good cause exists to do so. *Parasco, supra.* Failure to conduct a reasonable investigation based upon all available information may warrant a finding of bad faith. *Id.* However, mere negligence or bad judgment is insufficient to sustain a bad faith claim. *Quaciari v. Allstate Ins. Co.,* 998 F. Supp. 578, 581 (E.D. Pa. 1998).

In evaluating a claim for bad faith, the Superior Court first looked to Black's Law Dictionary 139 (6th ed. 1990) (citations omitted) and identified the unique definition it has acquired in the realm of insurance. See *Terletsky v. Prudential Property and Casualty Insurance Company,* 437 Pa. Super. 108, 124-25, 649 A.2d 680, 688 (1994).[3] The definition clearly illustrates that neither negligence nor bad judgment amount to bad faith; rather, the plaintiff must establish the insurer possessed a dishonest motive to deny the claim.

---

3. "*Insurance.* 'Bad faith' on the part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means of a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith."

Not only must the insured demonstrate the insurer acted in response to the claim with a corrupt motive but, as the case law also demonstrates, the burden is placed upon the insured to evince through clear and convincing evidence, and not mere insinuation, that "the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." *Id.;* see also, *Chau v. RCA Insurance Group,* 2004 Phila. Ct. Com. Pl. Lexis 23 (Phila. Cty. 2004), quoting *MGA Insurance Company v. Bakos,* 699 A.2d 751, 754 (Pa. Super. 1997). In analyzing the facts and circumstances, this court is of the opinion that plaintiffs failed to meet their burden of proof. There are no facts suggesting Ms. Brobeck failed to make an objective investigation of the claim. Upon review of the language of the policy, it appears quite clear to this court that Ms. Brobeck could have reasonably concluded, based upon the inspection she performed, that plaintiffs' home was not in a state of collapse which would render it covered under the policy.[4]

---

4. Section I—Additional coverages clearly defines collapse as:

"(11) Collapse. We insure only for direct physical loss to covered property involving the *sudden, entire collapse,* of a building or any part of a building.

"Collapse means *actually fallen down or fallen into pieces.* It does *not* include settling, cracking, shrinking, *bulging,* expansion, sagging or bowing." (emphasis added).

Additionally, under Section I—Losses not insured, the policy clearly excludes:

"(a) collapse, except as specifically provided in Section I—Additional Coverages, collapse . . .

"(g) wear, tear, marring scratching, deterioration, inherent vice, latent defect or mechanical breakdown . . .

"(l) settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs, or ceilings."

Additionally, there are no facts suggesting Ms. Brobeck denied the claim for her personal benefit or out of ill will. As stated in the definition of bad faith, *"mere negligence or bad judgment is not bad faith."* There are no facts that suggest to this court that defendants' inspection or denial of the claim would amount to anything more than negligence or bad judgment.[5] As such, this court finds that defendants' motion for summary judgment on the bad faith claim is granted.

### (b) *Unfair Trade Practices*

The final contention plaintiffs raise is defendants, State Farm and Shawni L. Brobeck, violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law.[6]

In *Mora v. Nationwide Mutual Fire Insurance Co.,* 65 D.&C.4th 59 (2003), President Judge Dominick Motto of this court addressed a claim against an insurance company for violation of the Unfair Trade Practices and Consumer Protection Law. The decision reached in *Mora* is applicable to the case at bar.

In *Mora,* it was established that "[a]n insurer can be held liable under [the] Pennsylvania Unfair Trade Practices and Consumer Protection Law . . . only if fraudulent misrepresentations were employed to foster the sale of the policy." *Id,* at 64. (citation omitted) The court held that a claim for violation of Unfair Trade Practice and Consumer Protection Law must be dismissed when the

5. This court is not suggesting that State Farm was negligent or made a bad judgment in the case at hand. The court is only illustrating plaintiffs' failure to meet its burden.

6. Plaintiffs do not cite a specific section of the Unfair Trade Practice Act which they claim defendants violated; rather, it is a general assertion.

insured brought suit on the basis of the insurer's refusal to pay benefits because the "[m]ere refusal to pay benefits is [a] nonfeasance rather than a misfeasance . . . whereas [a] misfeasance is what is necessary to support an action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law." *Id.* at 63.

This court is persuaded that *Mora* still represents the law of this Commonwealth and, as such, finds that there is no merit to plaintiffs' claim for violation of Unfair Trade Practices and Consumer Protection Law. Thus, defendants' motion for summary judgment on this issue is granted.

## IV. CONCLUSION

The court concludes that plaintiffs cannot assert a breach of contract claim because the policy's limitations clause is valid and enforceable. Additionally, this court finds that, as a matter of law, plaintiffs cannot recover under bad faith or unfair trade practice claims. Therefore, defendants' motion for summary judgment is hereby granted.

## ORDER

Now December 22, 2006, this case being before the court on November 27, 2006, for oral argument on the motion for summary judgment filed by the defendants, with counsel for both parties appearing, the plaintiffs, Samuel Pidro and Patricia Pidro, represented by counsel, Joseph A. George, Esquire and the defendants, State Farm Insurance Company and Shawni L. Brobeck, represented by counsel, Daniel L. Rivetti, Esquire and after a consideration of the briefs and oral arguments submitted

and presented by counsel, and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for summary judgment filed by the defendants is hereby granted.

(2) Summary judgment is entered on behalf of the defendants, State Farm Insurance Company and Shawni L. Brobeck and against the plaintiffs, Samuel Pidro and Patricia Pidro.

(3) The prothonotary is directed to serve a copy of this order of court upon counsel of record, Joseph A. George, Esquire and Daniel L. Rivetti, Esquire.