NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3821
_____

RALPH LEPORACE,

Appellant

v.

NEW YORK LIFE AND ANNUITY; UNUM GROUP CORPORATION;
PAUL REVERE LIFE INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-11-cv-02000
District Judge: The Honorable Michael M. Baylson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 17, 2015

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*

(Filed:  August 10, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In this appeal, Ralph Leporace challenges, inter alia, the dismissal by the United States District Court for the Eastern District of Pennsylvania of his claim for benefits under an individual disability insurance policy retroactive to May 31, 2005. We will affirm the order of the District Court.[1]

I.

In 1995, Leporace purchased an individual disability insurance policy from New York Life Insurance Company (New York Life). In 1997, Leporace applied for and began to receive monthly disability benefits. On May 31, 2005, New York Life notified Leporace by letter that it was terminating his benefits based on, inter alia, the independent medical evaluation Dr. Stephen Mechanick, a psychiatrist. The letter advised Leporace that he could challenge the termination of benefits by submitting a written appeal within 180 days. Leporace did not submit a written appeal because, in his view, the ineligibility determination "was not an unreasoned decision." A120. Instead, Leporace resumed paying the premiums for the policy.

Almost five years after the termination of disability benefits, in March of 2010, Leporace requested that New York Life reinstate his disability benefits retroactive to May 31, 2005. As support for this request, Leporace provided a report from his treating psychiatrist, Dr. Brenner. New York Life requested information regarding Leporace's restrictions and limitations from May 31, 2005 to the present. Leporace's counsel forwarded some of Dr. Brenner's medical records to New York Life. Correspondence

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

regarding Leporace's medical records continued between New York Life and Leporace for some time. On October 26, 2010, New York Life denied the request for retroactive disability benefits and requested additional information regarding Leporace's eligibility for future benefits.

Leporace filed an administrative appeal of New York Life's refusal to reinstate his disability benefits retroactive to May 31, 2005. On January 28, 2011, New York Life notified Leporace that it had completed its review of Leporace's administrative appeal and that New York Life would not alter its decision. On March 20, 2011, almost six years after the initial decision terminating Leporace's disability benefits, Leporace filed a complaint in the District Court.[2] He alleged claims for breach of contract and bad faith under 42 Pa. Cons. Stat. § 8371.[3] New York Life filed a motion under Federal Rule of Civil Procedure 12(b)(6) seeking the dismissal of both the contract and the bad faith claims based on Pennsylvania's respective four and two year statutes of limitations. *See* 42 Pa. Cons. Stat. § 5525(a)(8); *Ash v. Cont'l Ins. Co.*, 861 A.2d 979, 984 (Pa. Super. Ct. 2004) (agreeing with the trial court's conclusion "that a bad faith action under Section 8371 is a statutorily-created tort action subject to a two-year statute of limitations").

---

[2] Leporace sued not only New York Life, but also UNUM Group Corporation, and the Paul Revere Life Insurance Company. Leporace averred that UNUM was the successor and/or manager of New York Life's disability policies. The Paul Revere Life Insurance Company is allegedly the administrator for New York Life and a subsidiary of UNUM. We refer to these three entities collectively as New York Life.

[3] The complaint included a claim under Pennsylvania's Declaratory Judgments Act, 42 Pa. Cons. Stat. § 7531, which also challenged New York Life's denial of benefits. The District Court did not address this count separately. Because Leporace does not challenge the District Court's handling of that claim, we do not discuss it here.

In December of 2011, the District Court granted in part New York Life's Rule 12(b)(6) motion to dismiss Leporace's claims based on the denial of benefits effective May 31, 2005, concluding the claims were time-barred. It rejected Leporace's assertion that his claim was timely under the terms of his policy and distinguished our decision in *Hofkin v. Provident Life & Accident Insurance Co.*, 81 F.3d 365 (3d Cir. 1996). A timely motion for reconsideration was unsuccessful.

Within days of the District Court's dismissal of Leporace's claims based on the denial of benefits, New York Life granted, under a reservation of rights, Leporace's request for disability benefits going forward. On July 31, 2012, New York Life advised Leporace that it had removed the reservation of rights because Leporace now satisfied the definition of Total Disability under the policy.

In the meantime, Leporace filed a third amended complaint asserting a breach of contract and a statutory bad faith claim based on the denial of disability benefits from 2010 going forward. After discovery concluded and because benefits had been restored, only Leporace's bad faith claims proceeded to trial.[4] The jury returned a verdict in favor of New York Life. The District Court denied Leporace's motion for a new trial. This timely appeal followed. Leporace contends that the District Court erred: (1) in granting the Rule 12(b)(6) motion and denying the motion for reconsideration; (2) in its handling

---

[4] At trial, Leporace advanced that New York Life was liable because it acted in bad faith in violation of the implied covenant of good faith and fair dealing in the insurance contract and under 42 Pa. Cons. Stat. § 8371.

4

of evidentiary issues raised in a motion in limine and at trial; and (3) in denying the motion for a new trial.[5]

## II.

Leporace contends that the District Court erred in its application of the statute of limitations and in distinguishing *Hofkin*, a case concerning the timeliness of a contract claim. 81 F.3d at 367. Under Pennsylvania law, a bad faith "claim brought under section 8371 is a cause of action which is separate and distinct from the underlying contract claim." *March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1256 (Pa. Super. Ct. 1994). Accordingly, *Hofkin* does not provide a basis for concluding that the District Court erred in dismissing Leporace's bad faith claim. Because it is beyond dispute that the two year statutory period applicable to Leporace's § 8371 bad faith claim had expired by the time this action was initiated in March of 2011, we conclude that Leporace's contention of error in the dismissal of his bad faith claim lacks merit.

As to the timeliness of the contract claim, we begin with the well-established principle that, generally, "an action based on contract accrues at the time of breach. Where the contract is a continuing one, the statute of limitations runs from the time when

---

[5] We exercise plenary review over both an order granting a motion to dismiss and "a district court's application of [the] statute[] of limitations." *Pearson v. Sec'y Dep't of Corrs.*, 775 F.3d 598, 601 (3d Cir. 2015). We apply an abuse of discretion standard in reviewing the denial of a motion for reconsideration, *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999), and evidentiary rulings, *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 519 (3d Cir. 2003). The District Court's order denying a motion for new trial also is reviewed "for abuse of discretion, 'except over matters of law, which are subject to plenary review.'" *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001)).

the breach occurs or when the contract is in some way terminated." *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997) (citations omitted). Because it is clear that the payment of disability benefits ceased on May 31, 2005, the four year statute of limitations in § 5525(a)(8) for contract actions began to run at that time. Thus, any claim for benefits retroactive to May 31, 2005, expired on May 31, 2009. As a result, the complaint filed in March of 2011 was time-barred under § 5525(a)(8).

Leporace asserts, however, that § 5525(a)(8) does not govern the timeliness of his claim. In his view, the District Court erred by failing to apply *Hofkin,* 81 F.3d at 365. In that case, after initially receiving benefits for a period of total disability, Hofkin and his disability insurer communicated over several years about his entitlement to residual disability benefits. In the absence of a decision, Hofkin initiated a civil action in federal court alleging that he was entitled to residual disability benefits under the insurance policy. The insurance policy included, as mandated by Pennsylvania's insurance law, 40 Pa. Stat. § 753(A)(7), (11), clauses entitled "Proofs of Loss" and "Legal Actions," which addressed when a proof of loss must be filed and when a legal action is barred. *Id.* at 369-70. The insurer, contending Hofkin's civil action was time-barred under the "Legal Actions" clause of the policy, moved for judgment as a matter of law. *Hofkin*, 81 F.3d at 368. The District Court agreed, but we reversed. *Id.* at 367, 375.

Although the "Legal Actions" clause provided a three year limitation period, this same clause specified that the period did not begin to run until "after the time written proof of loss is required to be furnished." *Id.* at 370 (citation and quotation marks omitted). We interpreted the "Proofs of Loss" clause as requiring the filing of a proof of

6

loss ninety days "after the termination of a continuous period of disability." *Id.* at 367. Because Hofkin argued he had a continuous disability, we concluded it was "possible that the suit limitation provision in the Legal Actions clause ha[d] not yet been triggered." *Id.* at 375.

According to Leporace, because he has a continuous disability, *Hofkin* controls our analysis. We are not persuaded. *Hofkin*, as the District Court noted, is factually distinguishable. Unlike *Hofkin*, where the insured and insurer communicated over the course of several years regarding his entitlement to residual disability benefits, this case involves a clear and unmistakable termination of benefits effective May 31, 2005. The letter from New York Life explained the reason for the termination and apprised Leporace that he could appeal that decision. Yet Leporace waited almost five years before notifying New York Life that he disagreed with the decision and almost six years before he filed a complaint in federal court.

Furthermore, application of Pennsylvania's four year statute of limitations was not at issue in *Hofkin*. Rather, timeliness was at issue solely because of the limitation of suit clause in the insurance policy. Indeed, in light of the communications between the insured and the insurer over the course of several years and in the absence of a decision denying benefits, the statute of limitations in § 5525(a)(8) had yet to be triggered.

In *Knoepfler v. Guardian Life Insurance Co. of America*, we predicted that the New Jersey Supreme Court would follow the approach set out in *Hofkin* and would construe the "Legal Actions" clause in a disability policy to require the filing of a "proof of loss after the end of the entire period of disability." 438 F.3d 287, 288 (3d Cir. 2006).

7

Although *Knoepfler* involved a termination of the insured's benefits, we do not consider it controlling. Like *Hofkin, Knoepfler* is distinguishable because the dispute concerned the timeliness of the contract action, not because of a statute of limitation, but based on the limitation of suit clause in the insurance policy. In fact, Knoepfler's federal action was filed well within New Jersey's six-year statute of limitations.

Neither *Hofkin* nor *Knoepfler* present a scenario like Leporace's involving a clear and unequivocal termination of benefits triggering the statutory limitations period, a failure by the insured to take any action whatsoever during the applicable statutory limitations period, and a request years later after the expiration of the statute of limitations for the reinstatement of benefits. For that reason, we conclude that the District Court did not err by failing to apply *Hofkin* and in concluding that Leporace's claim for disability benefits retroactive to May 31, 2005 was time-barred.[6]

For the above reasons, we will affirm the District Court's order.

---

[6] We have carefully considered Leporace's other contentions of error and conclude that they lack merit.